# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HADIYA ABDULSALAAM, et al., | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Case No. 06-CV-413** |
| | : | |
| FRANKLIN COUNTY BOARD OF | : | **JUDGE ALGENON L. MARBLEY** |
| COMMISSIONERS, et al., | : | |
| | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |
| | : | |

## ORDER

This matter comes before the Court on Plaintiffs' request for leave to amend the

Complaint.  In this case, Plaintiffs assert three federal claims.  Count One claims discrimination

and retaliation in violation of 42 U.S.C. § 1981.  Count One fails, however, to assert that the §

1981 claim is being brought under 42 U.S.C. § 1983.  In *Jett v. Dallas Indep. School Dist.*, 491

U.S. 701, 733-36 (1989), the Supreme Court held that § 1983 provides the exclusive federal

damages remedy for § 1981 violations by state actors.  Although § 1981 was amended by

Congress in 1991, the Sixth Circuit has yet to rule on whether those amendments created a

remedy for violations by state actors.  *See Lin Apparel v. City of Cincinnati*, No. 05-061, 2006

U.S. Dist. LEXIS 96528 at *8 (S.D. Ohio 2006) (finding that the Sixth Circuit has not addressed

whether the 1991 amendments created a remedy, and deciding to follow the precedent set forth in

*Jett*).  Because Defendants are state actors, they have moved for summary judgment on Count

One, arguing that Plaintiffs' § 1981 claim has no remedy.

"[L]eave [to amend] shall be freely given when justice so requires," *see* Fed. R. Civ. P.

15(a), and this Court sees no unfair prejudice to the Defendants in allowing Plaintiffs to amend the Complaint.  *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1137 (10th Cir. 2006) (holding that leave to amend a Complaint to clarify whether a § 1981 claim is being brought under § 1983 should be freely given in the absence of unfair prejudice to the defendant). Accordingly, the Court **GRANTS** Plaintiffs leave to amend the Complaint.

Consequently, the parties' cross-motions for summary judgment are hereby **MOOTED** (nos. 35, 36).  If, upon reviewing the amended Complaint, either party believes that a motion for summary judgment is appropriate they may file one addressed to the amended Complaint. Any such motion for summary judgment is to be filed within thirty (30) days after the filing of the amended Complaint.  Any reply motions shall be filed within the time limitations set forth in S. D. Ohio Civ. R. 7.2(a)(2).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:** September 22, 2008