IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HADIYA ABDULSALAAM, et al.,** | : |
| Plaintiffs, | : |
| | : Case No. 2:06-CV-413 |
| | : JUDGE ALGENON L. MARBLEY |
| **FRANKLIN COUNTY BOARD OF COMMISSIONERS, et al.,** | : Magistrate Judge Abel |
| Defendant. | : |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on the Plaintiffs' Motion for Reconsideration of this Court's Order Granting Summary Judgment to Defendant Amber Spires (Spires) on the Violation of Free Exercise Claims. Plaintiffs move for reconsideration of the Court's decision granting summary judgment to Spires on Count Two of the complaint to the extent that Plaintiffs assert a violation of their right to the free exercise of religion. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

**II. BACKGROUND**

This Court ruled in its Opinion and Order on the parties' cross-motions for summary judgment ("Order") that "Plaintiffs have failed to establish that a violation of their free exercise rights occurred" and that "Spires is entitled to qualified immunity and summary judgment on that claim." *AbdulSalaam v. Franklin County Bd. of Comm'rs*, No. 2:06-CV-413, 2009 WL 2185493, at \*15 (S.D. Ohio July 23, 2009). Specifically, this Court found that Plaintiffs failed to support or develop their free exercise claim by citing even a single precedent to support their argument that

Spires' alleged acts—placing the children in a Christian foster home, refusing to place the children in a Muslim foster home, refusing to provide the children with a list of Muslim leaders' phone numbers, or falsely reporting in [Franklin County Children Services'] administrative file that the children did not want to practice Islam—interfered with Plaintiffs' rights to free exercise. *Id.*

Plaintiffs have moved for reconsideration of this Court's Order. Plaintiffs submit that this Court mistakenly separated the allegations that Spires fabricated evidence against them during a child abuse and neglect investigation from the Plaintiffs' free exercise claim.

### III. STANDARD OF REVIEW

The Federal Rules do not expressly provide for "Motions for Reconsideration." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id.*; *see also Saffady v. Savage*, 524 F.3d 799, 802–03 (6th Cir. 2008). Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).

### IV. LAW AND ANALYSIS

The Plaintiffs' argument for reconsideration focused on this Court's finding that Spires had qualified immunity to their free exercise claim. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In this Circuit, a plaintiff must make a three-step showing to avoid summary judgment on qualified immunity grounds. *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). Plaintiff must show that: (1) based on the applicable law and the facts viewed in the light most favorable to the plaintiffs, a constitutional violation has occurred; (2) the violation involved a "clearly established constitutional right of which a reasonable person would have known"; and (3) the government official's action was objectively unreasonable in light of the "clearly established constitutional right." *Id.*

In arguing in response to Spires' qualified immunity argument, Plaintiffs did not identify a single precedent establishing that any of Spires' alleged acts constituted a violation of Plaintiffs' rights to free exercise. Plaintiffs continue this error in arguing for reconsideration, again failing to cite any precedent to support their contention that Spires' alleged acts violated a clearly established constitutional right. Instead, Plaintiffs rest on the assertion that a clearly established right may exist in the absence of a case with substantially similar facts. This argument misses the point; Plaintiffs have entirely failed to cite any cases establishing a rule under which Spires' alleged actions could constitute a violation of Plaintiffs' free exercise rights. While Plaintiffs pointed out that a right can be clearly established in the absence of a case with identical or materially similar facts, Plaintiffs failed to cite even a single case establishing a "general constitutional rule" that might apply. *United States v. Lanier*, 520 U.S. 259, 271 (1997); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). Plaintiffs

therefore waived the free exercise argument by failing to support or develop that theory.  *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (arguments presented in "wholly cursory fashion, without any citation to supporting authority" are waived).

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiffs' Motion for Reconsideration.

**IT IS SO ORDERED.**


                                                  s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT COURT**

**Dated: October 7, 2009**