IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Hadiya AbdulSalaam, Individually and as Mother and Natural Guardian of Makeba Kristos, a minor, et al.,** : : : | Case No. 2:06-cv-413 |
| **Plaintiffs,** : : | |
| v. : : | JUDGE ALGENON L. MARBLEY |
| **Franklin County Board of Commissioners, et al.** : : : | Magistrate Judge Abel |
| **Defendants.** : | |

**ORDER**

This matter comes before the Court on Plaintiffs Hadiya AbdulSalaam, et al. and Defendant Amber Spires's cross Motions in Limine. In their Motion, the Plaintiffs argue that the testimony of Dr. Douglas Pawlarczyk ("Pawlarczyk") should be excluded. (Doc. 106). The Defendants argue that this Court should exclude testimony or documentation which contemplates: (1) the Kristos Plaintiffs' medical history (Doc. 100); (2) racial and/or religious discrimination on the part of the Defendant (Doc. 101); (3) events that occurred after August 1, 2003 (Doc. 102); and (4) Kristos Plaintiffs' scholastic performance after their placements in foster care. (Doc. 103).

The Plaintiffs argue that Pawlarczyk's testimony should be excluded because: (1) his opinions fail to meet the *Daubert* standard regarding expert testimony; (2) it is not relevant pursuant to Federal Rule of Evidence 402; (3) his testimony qualifies as inadmissible character evidence pursuant to Rule 404(a); and (4) because his testimony would present a substantial risk of unfair prejudice pursuant to Rule 403(a).

In *Daubert*, the Supreme Court laid out the standard for admissible expert testimony under Rule 702. The *Daubert* Court concluded that, in order to be admissible, an expert's testimony must present: (1) scientific knowledge; and (2) assist the trier of fact to understand or determine a fact in issue. *Daubert*, 509 U.S. 579, 592-93 (1993). The Court emphasized that together these steps constitute a "flexible" inquiry with an overarching purpose of assessing the scientific validity of an expert's methodology, but not the conclusions such methodologies generate. *Id*. at 595.

In this case, the Plaintiffs argue that Pawlarczyk's methodology is flawed and his testimony should be excluded pursuant to *Daubert*. In making this argument, the Plaintiff alleges primarily that Pawlarczyk's interview with Hadiya was inconsistent with several American Psychological Association ("APA") guidelines for completing and interpreting the results of psychological evaluations. Additionally, the Plaintiffs challenge Pawlarczyk's choices regarding diagnostic tests used during the examination. This Court is not persuaded, however, that either alleged inconsistency with selected APA guidelines or Pawlarczyk's choice of diagnostic source material constitutes enough of a challenge to his chosen methodology to exclude his testimony under the *Daubert* standard. Instead, the Court finds that Pawlarczyk, as a licensed psychologist who had the opportunity to examine Abdulsalaam and observe her psychological state, can provide testimony that is relevant to the Plaintiff's third claim of negligent infliction of emotional distress. The Plaintiff's Motion *in Limine* to Exclude the Testimony of Douglas Pawlarczyk, therefore, is **DENIED**. The Court, however, **GRANTS** the Plaintiff's Motion *in Limine* for Order Requiring the Witness to be Examined Outside the Presence of the Jury before Testifying at Trial.

In their Motions in Limine, the Defendant argues this Court should exclude testimony or documentation which contemplates: (1) the Kristos Plaintiffs' medical history ; (2) racial and/or religious discrimination suffered by the Plaintiffs; (3) events that occurred after August 1, 2003; and (4) Plaintiffs' scholastic performance after their placements in foster care.

In their first Motion *in Limine*, the Defendants argue that the Kristos' medical history should be excluded pursuant to Rule 402 because it is not relevant. This Court, however, finds that evidence documenting the Kristos' medical history could be relevant to prove the Plaintiff's First and Fourteenth Amendment claims regarding the right to familial association. Whether the Kristos' medical history includes evidence of physical or emotional abuse could be relevant in deciding if the Defendant's interference in the Plaintiffs' right to familial association was done in bad faith. If nothing in the Kristos' medical history suggests there was evidence of abuse, a jury could be more likely to find that Defendant Spires began the investigation in bad faith. Thus, the Court **DENIES** the Defendant's Motion *In Limine* to exclude all evidence of the Kristos' medical history.

In their second motion, the Defendant argues that because this Court has already ruled at summary judgment that the Plaintiffs cannot prosecute a claim for relief based on allegations of racial and/or religious discrimination, all evidence of racial and/or religious discrimination should be excluded. This argument, however, ignores the fact that evidence of racial or religious prejudice on the part of the Defendant could be relevant to the Plaintiff's remaining First and Fourteenth Amendment claims. To prove these claims, the Plaintiff can demonstrate that the Defendant's investigation was motivated by a malicious motive. Presenting evidence about the Defendant's alleged racial or religious bias could demonstrate that such a malicious motive

indeed existed. This Court, therefore, finds that evidence of the Defendants' racial or religious bias may be used solely to prove the Plaintiff's claims that have survived summary judgment and are at issue at trial. The Court, therefore, **DENIES** the Defendant's Motion *in Limine* to exclude all evidence of racial and religious bias.

In their third motion, the Defendant asks the Court to preclude testimony and exhibits which occurred after August 1, 2003, the date of the alleged assault. The Defendant argues that any evidence occurring after this date should be precluded because, at summary judgment, this Court found that Spires's possible fabrication of the August 1, 2003 could fulfill the "adverse action" requirement of a retaliation claim. This finding that the fabrication of an assault could be sufficient for a jury to determine retaliation occurred, however, did not create a limit on the amount of evidence the Plaintiffs may present at trial to prove their retaliation claim. Thus, the Plaintiffs may present further evidence to support their claim that the Defendant took adverse action against her, even if the evidence occurred after August 1, 2003 and was in response to conduct other than the July 31, 2003 letter to the Franklin County Children Services Ombudsman Office. The Court, therefore, **DENIES** the Defendant's Motion *in Limine* precluding testimony and exhibits which occurred after August 1, 2003.

In their fourth motion, the Defendant requests that the Court preclude the use of testimony or exhibits which contemplate the Kristos Plaintiffs' scholastic performance after their placement in foster care because such evidence is not relevant and would confuse the jury. The Plaintiffs argue such evidence should be included because the children's strong academic performance after entering foster care proves they received a quality education before removal from the home, further supporting their claim that the Defendant's investigation had malicious

motives and violated their right to familial association. Under this theory, evidence of the children's scholastic performance after entering foster care could be relevant. Because this Court does not believe admitting such evidence would confuse the jury to a degree that could not be remedied through cross-examination or contradicting evidence, the Defendant's Motion *in Limine* to exclude evidence of the Plaintiffs' scholastic performance is **DENIED**.

During the Final Pretrial Conference on February 11, 2011, the Plaintiffs requested to receive additional peremptory challenges at trial. Pursuant to 28 U.S.C. §1870, each party in a civil case is entitled to receive three peremptory challenges. 28 U.S.C. §1870. A court may, however, allow additional peremptory challenges and permit them to be exercised separately or jointly when there are several defendants or plaintiffs. In this case, there are several plaintiffs, Abdulsalaam and her daughters. The Court, therefore, **GRANTS** the Plaintiffs' request to receive two additional peremptory challenges. Thus, at trial, the Plaintiffs will have a total of five peremptory challenges and the Defendant will have three.

**IT IS SO ORDERED.**

                                                         *s/Algenon L. Marbley*
                                                     **ALGENON L. MARBLEY**
                                                     **UNITED STATES DISTRICT COURT**

**Dated: February 17, 2011**