**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HADIYA ABDULSALAAM, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:06-CV-413** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **FRANKLIN COUNTY BOARD OF** | : | **Magistrate Judge Mark R. Abel** |
| **COMMISSIONERS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court Plaintiffs' Motion to Review Clerk's Taxation of Costs.
(Doc. 141.)  For the following reasons, Plaintiffs' Motion is **GRANTED**.

### II. BACKGROUND[1]

Plaintiffs Hadiya AbdulSalaam, as a mother and natural guardian of her daughter,
Makeba Kristos, and Hadiya's other two daughters, Meserete Kristos and Masika Kristos,
(collectively referred to herein as "Plaintiffs"), were separated for a year during which time the
children were placed in custody of the Franklin County Children Services ("FCCS") due to
allegations of educational neglect and physical abuse in the home.  Plaintiffs filed a complaint
against Franklin County Board of Commissioners, the Board of Trustees of the FCCS, and

---

[1] The facts of this case are detailed at length in this Court's prior Opinion and Order on the parties' cross-
motions for summary judgment.  *Abdulsalaam v. Franklin Cnty. Bd. of Comm'rs*, 637 F. Supp. 2d 561
(S.D. Ohio 2009).  It is unnecessary for purposes of deciding Plaintiffs' Motion to Review Clerk's
Taxation of Costs to summarize those facts again.

1

various employees of FCCS in May, 2006, alleging that the allegations of abuse and neglect were fabricated by an FCCS caseworker and were the result of racial discrimination by the caseworker and the agency.  Plaintiffs filed an amended complaint with leave of the Court in October, 2008, in which they brought various claims under 42 U.S.C. § 1983 for discrimination, retaliation, and deprivation of due procession, and state law claim for intentional/reckless infliction of serious emotional distress.

Cross-motions for summary judgment followed, and this Court granted in part and denied in part Defendants' motion, and denied Plaintiffs' motion in its entirety.  After this Court decided the summary judgment motions only one Defendant remained, caseworker Amber Spires.  Trial began on February 24, 2011, and the jury reached a verdict in favor of the Defendant Spires on March 14, 2011.  In July, 2011, the Clerk of Courts taxed costs against the Plaintiffs in the amount of $5,721.67.  Plaintiffs filed a Motion to Review Clerk's Taxation of Costs, which is now ripe for review.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."  *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).  "The unsuccessful party has the burden of showing circumstances sufficient to overcome this presumption."  *Rashid v. Commc'n Workers of Am.*, No. 3:04-CV-291, 2007 WL 315355, at *2 (S.D. Ohio Jan. 30, 2007).

The Sixth Circuit has described certain circumstances where denial of costs is a proper exercise of discretion.  These circumstances include cases where: taxable expenditures by the

prevailing party are "unnecessary or unreasonably large," *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959); the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, *Id.*; the prevailing party should be penalized for unnecessarily prolonging a trial or injecting unmeritorious issues, *Nat'l Transformer Corp. v. France Mfg. Co.*, 215 F.2d 343, 362 (6th Cir. 1954); or cases that are "close and difficult," *United States Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966), *cert. denied* 389 U.S. 820 (1967). Refusal to tax costs against an indigent litigant is also a permissible exercise of discretion. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)).

This Circuit has identified factors that the district courts should ignore when determining whether to exercise discretion and deny taxation of costs. For example, district courts should not consider the size of a successful litigant's recovery, *Lichter Found.*, 269 F.2d at 146, or the ability of the prevailing party to pay for his or her costs, *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968), *cert. denied* 393 U.S. 983 (1968), *reh'g denied* 393 U.S. 1045 (1969). There are also factors that may be considered, but in the absence of other relevant factors, do not warrant the exercise of discretion. One such factor is a losing party's good faith in filing, prosecuting, or defending an action. *White & White*, 786 F.2d at 731 (citing *Coyne-Delany v. Capital Dev. Bd. of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983)).

Plaintiffs argue that this Court should exercise its discretion to deny taxation of costs because Plaintiffs lack the financial means to pay costs. Plaintiffs also contend that they brought the lawsuit in good faith, which is evident because: they successfully demonstrated in domestic state court that removal of the daughters from the home was unjustified; their causes of action survived Defendants' motion for summary judgment and a subsequent interlocutory appeal; and

3

this matter resulted in a lengthy trial.  The case was close and difficult because there was a lengthy jury deliberation, factually and legally complex claims, and lengthy litigation.  Plaintiffs' final argument is that "[i]f the defendant is successful in taxing costs in this case against these plaintiffs, there is a very real risk that, in the future, citizens of modest means who have their constitutional rights violated may shy away from seeking redress in the courts out of fear of being financially crippled by an adverse judgment and the resulting award of costs."  (Doc. 141.)

Defendant Spires argues that while Plaintiffs have suggested it would be difficult for them to pay costs, they have not demonstrated a future inability to pay, which is necessary to show indigence.  Even if Plaintiffs are indigent, they may still be taxed costs.  Defendant Spires argues that the record indicates Plaintiffs have not always proceeded in good faith during the lawsuit, but even presuming that they have, such a showing is not enough to preclude an award of costs.  Plaintiffs' arguments offered in support of their position that the case was close and difficult are speculative.  There were only twelve days of actual trial, and the trial dealt with straight-forward legal and factual issues.  Finally, Defendant Spires challenges Plaintiffs' last argument that the allowance of costs will have a chilling effect on future litigants by pointing out that the jury held Plaintiffs' constitutional rights were not violated.

Each Plaintiff in this case submitted a declaration dated April 13, 2011 that contains information about her respective financial position.  Plaintiff Hadiya's declaration indicates that her income in 2010 was $7,820, and that her income for January, February, and March, 2011 was $2,295.  Plaintiff Hadiya has no assets in the form of cash, stocks, bonds, or property, real or chattel, and her total debt as of April, 2011, is $77,912.96.

Plaintiff Masika's declaration indicates that she had no income for 2011 as of April due to a reconstructive knee surgery, but that her total income in 2010 was $22,665.  Plaintiff Masika

has debt totaling $63,401.93, and her rent, utilities, and insurance are $982 (presumably per month).  She states that she has no cash on hand, stock, bonds, or other property, real or chattel.

Plaintiff Meserete had a total income of $24,592 in 2010, and an income of $4,500 in the first three months of 2011.  Plaintiff Meserete has debt totaling $16,788, and her rent, utilities, and insurance are $976 total (presumably per month).  She states that she also has no cash on hand, stock, bonds, or other property, real or chattel.  Both Plaintiffs Masika and Meserete are students, single, and have no dependents.

Makeba is single, has one minor child, and is unemployed.  Her total income during 2010 was $4,000, and her income during the first three months of 2011 was $3,461.04.  Makeba's declaration indicates she has $6,000 of debt in the form of student loans.  She states that she also has no cash on hand, stock, bonds, or other property, real or chattel.  Makeba receives welfare cash assistance, Care Source medical insurance, and food stamps.

Plaintiffs have demonstrated, successfully, that they are indigent and should not be taxed costs.  Together their total debt is approximately $165,000.  Each Plaintiff has indicated that her income for 2010 was less than $25,000, and that she has no cash on hand, stock, bonds, or other property, real or chattel.  Plaintiff Makeba receives welfare and food stamps, and must support her minor child.  Because the Court can exercise its discretion and refuse to tax costs against indigents, this Court finds that Plaintiffs should not have to bear the additional financial burden of taxed costs.  *See Singleton*, 241 F.3d at 539 (citing *Jones*, 789 F.2d at 1233); *Robinson v. City of North Olmstead*, No. 193CV1203, 1997 WL 33169252, at *2 (N.D. Ohio May 12, 1997) (finding that it was inappropriate to tax costs against a 66 year-old plaintiff who was unemployed and collecting social security benefits).

Plaintiffs' closeness and difficulty argument is unpersuasive because this case involved relatively routine 42 U.S.C. § 1983 causes of action for discrimination, retaliation, and deprivation of due procession.  *See White & White*, 786 F.2d at 733–33 (explaining that "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."); *United States Plywood*, 370 F.3d at 508 (finding a case was close and difficult where the issues of the case were related the validity of a patent and infringement of that patent, and where a lengthy trial ensued).  Nevertheless, the other factors cited by Plaintiffs, though not dispositive, support this Court's decision to deny costs.  *See White & White*, 786 F.2d at 730 (explaining that a plaintiff's good faith in relation to filing and litigating a lawsuit is not a dispositive factor in a court's analysis); *U.S. ex rel. Pickens v. GLR Constrs., Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000) (considering the chilling effect argument where the other factors weighed in favor of denying costs).  Plaintiffs proceeded in good faith throughout the lawsuit, which continued past the motions stage, to trial.  Moreover, taxing costs here may have a chilling effect on citizens of modest means seeking redress in the courts for potential violations of their constitutional rights.  Taxing costs against the Plaintiffs would create an additional economic burden for a family that has already demonstrated it is struggling financially.

Therefore, given Plaintiffs' indigency and the totality of the circumstances, it is inappropriate to tax costs in this case.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Review Clerk's Taxation of Costs is

**GRANTED**.

**IT IS SO ORDERED.**

                                           **s/ Algenon L. Marbley**
                                           **Algenon L. Marbley**
                                           **United States District Judge**

**Dated: March 26, 2012**